UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LUIS BRITO,

                  Plaintiff,

      v.

B&C TOWING, INC., PAUL ALEKSANDROWSKI
and JOHN DOES 1-10,

              Defendants.

Civil Action No.

**COMPLAINT AND JURY DEMAND**

Plaintiff Luis Brito ("Plaintiff"), by and through his attorneys, by way of Complaint against B&C Towing, Inc. ("B&C"), Paul Aleksandrowski ("Paul") and John Does 1-10 (collectively referred to hereinafter as "Defendants") alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this action against Defendants for unjust enrichment, violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, et seq. ("WHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, et seq. ("WPL").

## JURISDICTION AND VENUE

2.      This court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.  This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

3.      Venue lies in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4.      At all relevant times herein, Plaintiff was employed by B&C as a tow truck driver, having held that position for approximately two (2) years.

5.      B&C is a domestic business entity located in and operating under the laws of the State of New Jersey.

6.      At all relevant times herein, B&C's principal place of business has been located in Newark, New Jersey.

7.      At all relevant times herein, defendant Paul has been the owner of B&C, Plaintiff's direct supervisor and employer within the meaning and intent of the FLSA, WHL and WPL.

8.      Upon information and belief, John Does 1-10, fictitiously named parties, are additional owners, stockholders, partners, managers, agents, assigns and/or employees of B&C who exhibited and exercised sufficient control over B&C's operations and the conditions of Plaintiff's employment to be considered Plaintiff's employer within the meaning and intent of the FLSA, WHL and WPL.  The specific identities of the aforesaid fictitiously named defendants are not known to Plaintiff as of the date of the filing of the within Complaint.

9.      At all times relevant herein, Paul maintained control, oversight and direction over Plaintiff's employment, including payroll, the manner and means in which Plaintiff was compensated and the ability to hire/fire him.  Paul's control, oversight and

2

direction of Plaintiff is further demonstrated by his recent termination of Plaintiff's employment.

10.     At all times relevant herein B&C has been an enterprise engaged in interstate commerce within the meaning of the FLSA in that it: (1) has had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise on goods or materials that have been moved in or produced for commerce by any person; and (2) has had an annual gross volume of sales of not less than $500,000.00.

## FACTS COMMON TO ALL COUNTS

11.     At all times relevant herein, Defendants were Plaintiff's employers within the meaning and intent of the FLSA, WHL and WPL.

12.     At all times relevant herein, Plaintiff was Defendants' employee within the meaning and intent of the FLSA, WHL and WPL.

13.     As part of his primary job duty, Plaintiff would be instructed and routed by dispatch employees to tow disabled vehicles on various roads and highways throughout the State of New Jersey.

14.     Throughout the start of his employment in or about 2016 until his termination, Plaintiff worked approximately twelve (12) hours per day, five (5) days a week for a total of at least sixty (60) hour per week.

15.     During the majority of his employment, Plaintiff was paid at a rate of $13/hour (which had been recently increased to $14/hour).

16.     At all relevant times herein, Defendants never utilized time clocks to keep track and record its employees' work hours, nor did it pay employees with proper

paychecks that set forth: (1) the pay period; (2) the hours worked during the pay period; (3) the employees' hourly rate; or (4) the deductions and withholdings taken out of the employees' pay.

17.     Instead of paying Plaintiff the correct wages based on his hourly rate and overtime, Defendants would pay Plaintiff on a weekly basis in the following manner: (1) via check, appearing to represent approximately forty (40) hours of work; and (2) an additional amount in cash, usually $100.00 to $200.00 per week.

18.     While the foregoing payments came to approximately $620 to $720 per week , based on the sixty (60) hours per week that Plaintiff actually worked, and applying the applicable overtime rate for each and every hour that he worked over (40) hours per week, Plaintiff should have been paid at least $910/week.

19.     Accordingly, Defendants underpaid Plaintiff approximately $200/week to $300/week during the entire course of his employment.

20.     Upon information and belief, Defendants underpaid all of their employees in contravention of the FLSA and WHL.

## COUNT ONE

21.     Plaintiff repeats and incorporates the preceding paragraphs as if set forth at length herein.

22.     At all times relevant herein, Plaintiff was entitled to a premium overtime rate of one-and-a-half times his hourly wage for each and every hour he worked in excess of forty (40) hours per week.

23.     At all times relevant herein, and upon information and belief, Defendants had a practice and policy of not paying its employees the required overtime rate.

24.     Upon information and belief, Defendants failed to pay its other employees the required overtime rate.

25.     Defendants' failure to provide Plaintiff overtime pay was intentional and willful.

26.     Defendants' willfulness is additionally demonstrated by their refusal to pay Plaintiff on the books for any hour of work in excess of forty (40) hours in any given week, instead underpaying him for those hours in cash rather than via a payroll check.

27.     Defendants knew or should have known that they were required to pay Plaintiff at the premium overtime rate of one-and-a-half times his hourly wage for each and every hour he worked in excess of forty (40) hours per week.

28.     Defendants thus failed to make a good faith effort to comply with the FLSA and WHL.

29.     Defendants' conduct in failing to pay Plaintiff at the premium overtime rate is in violation of the FLSA and WHL.

WHEREFORE, Plaintiff demands the following relief against Defendants, jointly and severally, as follows:

a.     Compensatory damages;

b.     Liquidated damages;

c.     Reasonable attorneys' fees;

d.     Pre- and post-judgment interest;

e.     Costs of suit; and

f.     Such other and further relief as the Court deems equitable and just.

## <u>COUNT TWO</u>

30.     Plaintiff repeats and incorporates the preceding paragraphs as if set forth at length herein.

31.     At all times relevant herein, Defendants failed to pay Plaintiff all wages to which he was entitled within the meaning and intent of the WPL.

32.     Even if only entitled to straight time wages for each and every hour he worked in excess of forty (40) hours per week, Defendants substantially underpaid Plaintiff based on his hourly wage.

33.     Defendants' conduct in failing to pay Plaintiff all wages to which he is owed is in violation of the WPL.

WHEREFORE, Plaintiff demands the following relief against Defendants, jointly and severally, as follows:

       a.     Compensatory damages;

       b.     Liquidated damages;

       c.     Reasonable attorneys' fees;

       d.     Pre- and post-judgment interest;

       e.     Costs of suit; and

       f.     Such other and further relief as the Court deems equitable and just.

## <u>COUNT THREE</u>

34.     Plaintiff repeats and incorporates the preceding paragraphs as if set forth at length herein.

35.     Defendants' failure to pay Plaintiff his total wages at both the straight and overtime rate has unlawfully enriched Defendants to the detriment of Plaintiff.

WHEREFORE, Plaintiff demands the following relief against Defendants, jointly and severally, as follows:

      a.      Compensatory damages;

      b.      Consequential and incidental damages;

      c.      Pre- and post-judgment interest;

      d.      Costs of suit; and

      e.      Such other and further relief as the Court deems equitable and just.

**Budd Larner, PC**
Attorneys for Plaintiff

By:\_\_\_\_\_/s/Joshua L. Weiner_____
      Joshua L. Weiner, Esq. (JLW5875)
      150 John F. Kennedy Pkwy
      Short Hills, NJ 07070
      jweiner@buddlarner.com
      P: (973) 315-4499
      F: (973) 455-0027

Dated:  November 27, 2018

### JURY DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

By:\_s/Joshua L. Weiner_____
      Joshua L. Weiner

Dated:  November 27, 2018